SHIRK, Appellant, v. MORSE et al, Respondents.

(217 N. W. 637.)

(File No. 6116. Opinion filed February 4, 1928.)

F. E. *Snider,* of Faulkton, and *McCoy & McCoy,* of Huron, for Appellant.

*Crawford & Crawford,* of Huron, for Respondents.

BURCH, P. J. This action is brought to determine the right to the proceeds of a judgment amounting to $1,261.15, deposited with the clerk of courts of Beadle county. The judgment from which such proceeds were derived was obtained by the Security State Bank of Faulkton on June 4, 1907, against school districts upon school district bonds and originally belonged to the bank. The bank is now defunct and plaintiff claims as agent of its stockholders. Defendants claim by virtue of transactions hereafter appearing. A. W. Morse originally owned 90 per cent of the stock of the bank, his wife 5 per cent, and a son 5 per cent, and were such owners when the judgment was obtained and for several years thereafter, until the death of A. W. Morse in October, 1913. A short time after Morse died, on November 20, 1913, the bank was closed and placed in the hands of the superintendent of banks. Negotiations were then started leading to a reorganization of the bank and resulted in a contract between Mrs. Morse, who had been appointed administratrix of her husband's estate, and one F. B. Gannon, whereby 60 per cent of the stock owned by the estate was transferred to Gannon and his associates and Mrs. Morse undertook to improve the assets of the bank by taking assets of doubtful value and turning in at least $16,000 in cash. This she did and more. After the reorganization of the bank was completed the superintendent of banks turned it over to the newly elected officers, and it ran until the 21st of March, 1914, when it was again closed, turned over to the superintendent of banks, and finally liquidated.

The vicissitudes of the bank and of parties to this action in suits arising out of this transaction are graphically described in Security State Bank v. Gannon et al., 39 S. D. 232, 163 N. W. 1040, to which the reader is referred for other details if desired. Judgment for defendants, and plaintiff appeals from the judgment and an order denying a new trial.

 Appellant's right to recover the proceeds in dispute as agent of the stockholders of the reorganized bank depends upon such proceeds being an asset of the reorganized bank. Such stockholders did not acquire rights in all of the assets of the old organization, but only in the assets specifically enumerated and described in the reorganization agreement. Appellant does not seem to discriminate in this respect, for he attempts to explain a marginal entry on the books of the bank referring to the judgment in these words: "Sold to A. W. Morse." This entry was made long before the reorganization and apparently during the lifetime of Morse. From this, Hirning, superintendent of banks, testified the judgment was a hidden asset of the bank, and this is argued as evidence of plaintiff's right to recover. Plaintiff also stresses the fact that the superintendent of banks disallowed the claim of the Morse estate to the judgment during liquidation. If the judgment was a hidden asset available to pay depositors and creditors of the bank, it does not follow that the new stockholders have any right therein against the Morse estate. Their rights depend upon what they purchased. In the contract between Mrs. Morse and Gannon there was a schedule upon which the agreement was based showing the assets of the bank to be taken over. In that schedule no mention is made of the judgment in express terms, and in the proof there is nothing to show it was included in any item mentioned, or in the total valuation fixed in such schedule. It was expressly agreed that all assets, of whatever character not referred to in the schedule, should be transferred to the Morse estate. If the judgment was not formally transferred, it ought to have been, and as between the stockholders of the new organization and the Morse estate equity will treat that as done which ought to have been done.

Appellant says there are few if any questions of law involved and but little, if any, conflict in the evidence, and the sole question is who is the owner and entitled to possession under the evidence.

Appellant has not proven that the judgment whether the property of the Morse estate or of the old banking organization, was under the contract to become the property of the reorganized bank. For that reason plaintiff has shown no right thereto, and the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.